993 F.2d 914
 301 U.S.App.D.C. 252
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Laymond Nebill WALKER, a/k/a Laymond Neveille Walker;
Lamont Walker, Appellant.
 No. 92-3096.
 United States Court of Appeals, District of Columbia Circuit.
 April 15, 1993.
 
 Before: MIKVA, Chief Judge; WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant argues that he was unlawfully seized because a reasonable person in his position would have been "too intimidated to feel free to disregard the officer's questions." Brief for Appellant at 14. Specifically, appellant contends that his encounter with the police was a seizure because: (1) the police officers boarded the bus late at night; (2) appellant was seated at the back of the bus, far from the exit; (3) there were three officers in the aisle between appellant and the exit; (4) no explanation was given to the passengers concerning the purpose of the police questioning; (5) the passengers were not informed that they were free to leave or disregard police questioning; and (6) the police did not ask permission to speak to the passengers.
 
 
 5
 We are unpersuaded by appellant's argument. First, although the physical constraints of the bus may have limited appellant's "freedom to leave" to some degree, "these circumstances were not of the officers' making and therefore do not invalidate the otherwise lawful police conduct." United States v. Hoffman, 964 F.2d 21, 23 n. 3 (D.C.Cir.1992) (per curiam). As this court noted in United States v. Lewis, 921 F.2d 1294, 1299 (D.C.Cir.1990), "[a] bus passenger has voluntarily placed himself in tight quarters, with a single avenue of exit that is narrow and frequently blocked by people and luggage. For this cramped setting, he cannot blame law enforcement officers."
 
 
 6
 Second, Special Agent Crispino was not required to tell appellant that he could refuse to answer questions and could leave. United States v. Jones, 973 F.2d 928, 930 (D.C.Cir.) (failure to tell bus passenger that he could disregard police questioning and leave "not significant"), separate portion of opinion vacated, reh'g en banc granted, 980 F.2d 746 (1992). Cf. Hoffman, 964 F.2d at 23 n. 3 ("There is no requirement that the police warn an individual of the right to withhold consent to a search...."). "[S]o long as the police do not convey a message that compliance with their requests is required," no seizure occurs when police ask questions of an individual. Florida v. Bostick, 111 S.Ct. 2382, 2388 (1991). Special Agent Crispino's failure to state his purpose or obtain appellant's consent prior to questioning likewise is not significant. There is no evidence that the questioning was conducted in an impolite or intimidating manner which might have restrained appellant's freedom to decline the interview. Special Agent Crispino was dressed in plain clothes, with no visible weapon, and the "one-on-one" interview was conducted in a conversational tone.
 
 
 7
 Third, the late hour of the encounter, although a relevant factor in the seizure test, see Lewis, 921 F.2d at 1297, is not sufficient by itself to invalidate Special Agent Crispino's otherwise lawful conduct. See United States v. Jordan, 958 F.2d 1085, 1086 (D.C.Cir.1992) ("Under [the 'totality of circumstances' seizure] test, only in rare instances will any one factor produce an inexorable conclusion that a seizure has occurred.").
 
 
 8
 Having concluded that the encounter between appellant and the police was not a seizure, we easily dispose of appellant's claim that his Fifth Amendment rights were violated because he was not given any warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), prior to being asked to identify himself. It is well established that "Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' " Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam). Here, appellant was not even "seized," let alone "in custody," at the time he made the statement he later sought to suppress in district court. The fact that, at the time appellant was questioned about his identity, the police suspected he was one of two possible owners of the yellow tote bag did not render the encounter a "custodial interrogation." See California v. Beheler, 463 U.S. 1121, 1125 (1983) ("Miranda warnings are not required 'simply because ... the questioned person is one whom the police suspect' ") (per curiam) (quoting Oregon v. Mathiason, 429 U.S. at 495).